IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ISAAC PIERCE, :
:
    Plaintiff, :
:
v. : Civ. No. 19-1844-CFC
:
WARDEN MAY, et al., :
:
    Defendants. :

---

Isaac Pierce, Sussex Correctional Institution, Georgetown, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

February 13, 2020
Wilmington, Delaware

[signature: Colm F. Connolly]
**CONNOLLY, U.S. District Judge:**

**I. INTRODUCTION**

Plaintiff Isaac Pierce ("Plaintiff"), an inmate at the Sussex Correctional Institution in Georgetown, Delaware, filed this action pursuant to 42 U.S.C. § 1983 along with two other inmates who have since been dismissed from the case.[1] (D.I. 3; D.I. 20) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 8) The matter is reviewed and screened under to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

**II. BACKGROUND**

The Complaint was written by dismissed Plaintiff Jason Corkell ("Corkell"). Plaintiff did not sign the Complaint, but on January 2, 2020, the Court received a letter from Plaintiff requesting that his signature on a December 27, 2019 letter serve to confirm his willingness to proceed in this matter, and the Court construed the December 27, 2019 letter as Plaintiff's signature to the Complaint. (*See* D.I. 18; D.I. 20)

The gist of the Complaint is that on three occasions in August 2019, Plaintiff, Corkell, and Te'von Savage ("Savage") ran out of toilet paper and Corkell and Savage made repeated, unsuccessful requests for toilet paper. As a result, they were forced to use newspapers. Plaintiff alleges that toilet paper is a necessity and more than one roll per week should be made available. Plaintiff submitted a grievance complaining that he was out of toilet paper for 2 ½ days, but "never received a return on [the] grievance." (D.I. 3 at 8)

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988).

1

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when

2

ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that,

because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

Plaintiff complains that he was not provided with an adequate weekly supply of toilet paper and was without toilet paper for 2 ½ days. Conditions of confinement claims under the Eighth Amendment are unconstitutional where a prisoner is denied the "minimal civilized measure of life's necessities" through prison officials' deliberate indifference to a condition posing a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see also Thomas v. Tice*, __F.3d__, 2020 WL 219036, at *2 (3d Cir. Jan. 15, 2020) (discussing elements necessary to prevail on a conditions of confinement claim). Only "extreme deprivations" meet this standard. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

When considering whether conditions of confinement violated the Eighth Amendment, Courts recognize that "the Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes, cannot be free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). "To the extent that

4

such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347.

Plaintiff's did not have toilet paper for a very short time - a mere 2 ½ days and used a toilet paper substitute (*i.e.*, newspaper). *See Thomas v. Tice*, 2020 WL 219036, at *3 (the duration of an unlawful condition of confinement cannot be ignore). The allegations simply do not rise to the level of a constitutional violation. *See e.g.*, *Freeman v. Miller*, 615 F. App'x 72, 77 (3d Cir. 2015) (no Eighth Amendment violation where convicted prisoner was denied a desk, seat, showers, a mattress, soap, recreation, mail, and toilet paper, and was permitted to wear only underwear and a suicide smock for approximately seven days after being placed in the RHU); *Adderly v. Ferrier*, 419 F. App'x 135, 139-40 (3d Cir. 2011) (denial of clothing, toiletries, legal mail, mattress and shower for seven days did not constitute Eighth Amendment violation); *Harris v. Fleming*, 839 F.2d 1232, 1234 (7th Cir. 1988) (denial of toilet paper for five days, and lack of soap, toothbrush, and toothpaste for ten days, was unpleasant but did not violate the Constitution); *Williams v. Campbell*, 2008 WL 2816089 at *7 (E.D. Pa. July 18, 2008) (Temporary deprivation of toilet paper insufficient to establish a constitutional violation); *Citro v. Zeek*, 544 F. Supp. 829, 830 (W.D.N.Y. 1982) (Failure to provide inmate with adequate supply of toilet paper did not present a question of constitutional magnitude); *Byrd v. Adams*, 2010 WL 184448 (N.D. Tex. Jan. 20, 2010) (Court dismissed as frivolous conditions of confinement claim by inmate who alleged the was limited to one roll of toilet paper per week, used newspaper as a substitute, and as a result developed irritation, peeling skin, and hemorrhoids).

5

Plaintiff's claims are frivolous. Therefore, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1). Because the Complaint advances a frivolous claim, the Court finds futility of amendment. *See e.g., In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

## V. CONCLUSION

For the above reasons, the Court will dismiss the Complaint as frivolous pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

An appropriate order will be entered.